IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION



DeVonna White
3170 Ludlow Road
Shaker Heights, Ohio
44120
    Plaintiff,

    vs.     Civil Action No.

Zwicker & Associates, P.C.;
Anne Smith (0042139);
Derek Scranton (0075231)
2300 Litton Lane Suite 200
Hebron, KY 41048

    Defendants

**1:11CV2543**

**JUDGE POLSTER**

**MAG. JUDGE VECCHIARELLI**

## COMPLAINT

NOW COMES the Plaintiff, DeVonna White, Pro Se, and for her Complaint against the Defendant, Zwicker & Associates, Anne Smith (0042139), and Derek Scranton (0075231)., Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1. This action arises for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. §1692, *et.seq*, the Ohio Consumer Sales Practices Act (hereinafter the "OCSPA"), Ohio Rev Code §1345.01, *et seq*. and the Telephone Consumer Protection Act (hereinafter the "TCPA") 27 U.S.C. §227 *et seq*.

## JURISDICTION

2. Jurisdiction arises under the FDCPA, 15 U.S.C §1692, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. 1391 (b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3. Plaintiff, DeVonna White (hereinafter "White") is a natural person currently residing in Shaker Heights, Ohio.

4. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a (3), as she is a natural person allegedly obligated to pay a debt.

5. Defendant Zwicker & Associates (hereinafter "Zwicker") is a corporation that regularly conducts business in the State of Ohio. Defendant regularly attempts to collect consumer debts asserted to be due another.

6. Defendant, Anne Smith (0042139) (hereinafter "Zwicker"), is an individual residing at an unknown location and an officer or employee of Zwicker & Associates, P.C.

7. Defendant, Derek Scranton (0075231) (hereinafter "Zwicker"), is an individual residing at an unknown location and an officer or employee of Zwicker & Associates, P.C.

8. At all relevant times, Zwicker acted as a "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a (6) in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

9. On information and belief, Zwicker is a corporation of the State of Kentucky, which is licensed to do business in Ohio and which has its principal place of business in Hebron, Kentucky.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

10. On or about February 10, 2011 Zwicker on behalf of their client commenced a summons and complaint to White in an attempt to collect an alleged debt.

11. Pursuant to the arbitration terms in the cardmember agreement with Zwicker's client, the parties were compelled to arbitrate by Cuyahoga County Court of Common Pleas on or about March 25, 2011. (EXHIBIT A)

12. On or about May 4, 2011 White initiated arbitration with JAMS arbitration (JAMS) to resolve a pending with Zwicker's client. (EXHIBIT B)

13. On or around May 25, 2011, JAMS arbitration acknowledged initiation of Demand for Arbitration by the White. (EXHIBIT C)

14. On or about September 27, 2011 Zwicker sent a Motion to Dismiss to JAMS alleging that Claimant (White) did not follow proper Arbitration procedure.(EXHIBIT CC)

15. In its attempt to collect aforementioned alleged debt, Zwicker violated the FDCPA in one or more of the following way:

    a. Used false representation and deceptive means to attempt to collect a debt, which is a violation of 15 U.S.C. §1692e of the FDCPA"

## COUNT II

(Violation of Ohio Consumer Sales Practices Act)

16. White hereby re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

17. In the aforementioned complaint Zwicker demanded a judgment against, DeVonna White, plus pre-judgment interest, post judgment interest, plus attorney fees, plus court cost. (EXHIBIT D)

18. In its attempt to collect aforementioned alleged debt, Zwicker violated the OCSPA in one or more of the following ways:

> a. §1692f(1) Ohio law does not permit recovery of attorney fees in connection with any claim involving "personal, family, or household" debt, see Ohio Rev. Code Ann. § 1301.21" GIONIS, Plaintiff-Appellee, v. JAVITCH, BLOCK & RATHBONE

## COUNT III

(Violations of Telephone Consumer Protection Act)

19. On or about March 20, 2011, White called Zwicker & Associates in reference to the alleged debt and left a cell phone number and home number for return contact.

20. On or about April 4, 2011, Zwicker called White's family member residence.

21. During that call on April 4, 2011, Zwicker's requested to speak with DeVonna White and was told that White does not live at that residence.

22. On or about July 26, 2011, Zwicker called the same family member residence requesting to speak to White and stated that "Zwicker and Associates" was a debt collector.

23. On or about November 16, 2011 Zwicker called the same family member residence requesting to speak to DeVonna White.

24. As a result of Defendant's phone calls on or about April 4, 2011 through November 16, 2011 was prohibited by the TCPA. These calls adversely affected Plaintiffs privacy and are not exempt under the TCPA. As such it is a violation of 47

U.S.C. §227 (b) (1) (B)

25. Defendant, through its agents and employees, knowingly committed the unfair, deceptive and unconscionable acts and practices described above.

26. As a result of Zwicker's violations as aforesaid, White has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, DEVONNA WHITE, respectfully prays for a judgment against the Defendant as follows:

   a. Statutory damages of $1,000.00 for each violation of the FDCPA;
   b. $200.00 statutory damages for each violation of the OCSPA;
   c. Statutory and treble damages of $3,000 against Defendant, Zwicker and Associates, pursuant to TCPA;
   d. All reasonable witness fees, court cost, and other litigation cost incurred by Plaintiff, White; and
   e. Such other and further relief that the Court deems just and proper.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount for attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully submitted,

_____
DeVonna White
3170 Ludlow Road
Shaker Heights, Ohio 44120,

Pro Se